**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:11-CV-075-DCK**

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION, as Receiver for** | ) | |
| **the Bank of Asheville,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **KEITH A. VINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary
Judgment" (Document No. 13). The parties have consented to Magistrate Judge jurisdiction
pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully
considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## I. BACKGROUND

The Bank of Asheville ("Bank") filed a "Complaint Contract Non-Jury" ("Complaint")
against Defendants Keith A. Vinson and Paula L. Vinson ("Defendants") on July 28, 2010 in the
District Court of Buncombe County, North Carolina. (Document No. 1-2). The Complaint alleged
that Defendants were in default under a Note executed by the Bank and Defendants on or about June
1, 2006. Id.

On January 21, 2011, the Bank was closed and placed in the hands of the North Carolina
Commissioner of Banks, which appointed the Federal Deposit Insurance Corporation ("FDIC" or
"Plaintiff") as Receiver for the Bank. (Document No. 1). The FDIC was substituted as Plaintiff in
this matter on March 21, 2011. Id. Plaintiff filed its "Notice Of Removal" (Document No. 1) to this
Court on April 4, 2011.

Plaintiff filed a "Motion For Entry Of Default" (Document No. 3) against Defendant Paula L. Vinson on or about May 17, 2011. The Court issued an "Order Granting Entry Of Default" (Document No. 4) on May 17, 2011; and later issued a "Default Judgment" (Document No. 7) on July 7, 2011, against Defendant Paula L. Vinson.

On August 29, 2011, Plaintiff and Defendant Keith A. Vinson ("Vinson" or "Defendant") filed their "Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge" (Document No. 12). This matter was re-assigned to the undersigned Magistrate Judge on September 22, 2011.

"Plaintiff's Motion For Summary Judgment" (Document No. 13) and "Brief Supporting Plaintiff's Motion For Summary Judgment" (Document No. 14), against Defendant Keith A. Vinson, were filed December 1, 2011. On December 19, 2011, "Defendant Keith A. Vinson's Response To Plaintiff's Motion For Summary Judgment" (Document No. 16) was filed, and acknowledged "that it is not in possession of any evidence that would create a genuine issue of material fact in this case."

Pursuant to the Court's "Order" (Document No. 18), the parties filed a "Joint Response To Court Order To Provide Status Report" (Document No. 19) on January 31, 2012. The "...Status Report" confirmed that Plaintiff did not intend to file a reply brief in support of its motion for summary judgment, and that the parties attempt to resolve this case through mediation had reached an impasse. (Document No. 19). On February 8, 2012, the undersigned held a telephone conference with the parties' counsel in which counsel essentially confirmed that Defendant lacks any evidence of a genuine issue of fact in this case and that Plaintiff is entitled to judgment.

## II.  STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

### III. DISCUSSION

According to Plaintiff, Defendant executed a promissory note ("Note") in the principal amount of One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) to the Bank, and the Note was secured by a Deed of Trust ("DOT"). (Document No. 14). Copies of the Note and DOT are attached to the Complaint as Exhibits A and B. Id. Defendant admits that loan payments required under the Note have not been paid. Id. As such, Plaintiff argues that Defendant's failure constitutes a default under the Note. Id. Plaintiff asserts that the amount due is $1,434,252.50, together with interest accruing at a rate of $262.50 per day from July 26, 2010, and attorney's fees in the amount of $215,137.87. Id.

As noted above, Defendant has conceded in his response to the pending motion that he lacks evidence that would create a genuine issue of material fact. (Document No. 16). Moreover, Plaintiff's counsel has confirmed the same in a recent telephone conference with the undersigned.

In short, Defendant has declined to challenge Plaintiff's presentation of the facts or its legal arguments. Id.

Based on the foregoing, the instant motion will be granted, and judgment consistent with the above will be entered against Defendant.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Summary Judgment" (Document No. 13)is **GRANTED**.

Signed: February 15, 2012

David C. Keesler
United States Magistrate Judge

4